JOHN MORRA, RESPONDENT, v. LAUREL REALTY COMPANY, APPELLANT.

Submitted March 24, 1924—Decided May 19, 1924.

1. An instruction by the court defining the word stoop as an uncovered "platform before the entrance of a house raised and approached by means of steps," and that if such structure constituted a violation of a city ordinance, any portion of it constituting a nuisance "could at any time be removed by the authorities of the city of N., as a nuisance, as an encroachment upon the streets of the city," is an accurate statement of the law upon that subject.

2. The court left it to be determined by the jury whether a certain structure constituted a nuisance under a municipal ordinance, to which action no exception was taken. *Held*, that in the absence of a request to charge that the structure, as a matter of law constituted a nuisance, no legal ground exists for disturbing the verdict.

---

On appeal for the Supreme Court.

For the appellant, *Adam J. Rossbach.*

For the respondent, *Ferdinand D. Masucci.*

The opinion of the court was delivered by

MINTURN, J.    The suit was instituted to recover a deposit paid by the plaintiff, as purchaser, to defendant, upon a written contract, for the sale of certain real estate, and for search fees incurred in connection with the purchase. The defendant refused to accept title to the premises, upon the ground that the front porch or stoop of the building extended into the street, in violation of an ordinance of the city of Newark. The trial resulted in the plaintiff's favor, and the defendant appeals.

The provision of the ordinance which presents the basis of the plaintiff's claim is as follows:

"No person or persons shall construct or continue any platform, stoop or steps in any street in the city of Newark which shall extend more than one-twelfth part of the width of the street, nor more than six feet; nor with any other than open back or sides or railing; nor of greater width than is necessary for the purpose of a convenient passageway into the dwelling-house, store or other building; nor any stoop or steps which shall exceed five feet in height."

In the present instance the stoop did not extend into the street more than one-twelfth part of the width thereof, nor more than six feet; and the platform of the structure did not exceed five feet in height. The columns upon the platform, however, which supported the roof were on the level of the second story of the building, and this roof structure over the porch might be claimed to be a violation of the ordinance; a transgression, however, which could be remedied by removing the roof over the porch, and the columns supporting it, thus leaving the porch or stoop intact. Upon a rule to show cause this insubstantial violation could be adequately dealt with in the Supreme Court. But the case being here upon exceptions, we are limited in our determination to the questions of law thus presented.

One question only has been argued, and that is presented by the charge of the court defining the word "stoop," as an uncovered "platform before the entrance of a house, raised

and approached by means of steps;" and the instruction to the jury that if the structure constituted a violation of the city ordinance, any portion of it constituting a nuisance, "could at any time be removed by the authorities of the city of Newark, as a nuisance, as an encroachment upon the streets of the city." In the abstract this was an unobjectionable statement of the law, and is in consonance with the view of the Supreme Court as expressed in *Scheinman* v. *Bloch,* 97 *N. J. L.* 404. The court left to the jury for decision the question whether the structure constituted in fact a nuisance under the ordinance, and to this action of the court no exception was entered.

The question whether the structure as a matter of law constituted a nuisance could have been raised by a request to charge to that effect, but no such request having been presented to the court, no legal ground is apparent upon which we can disturb the verdict.

The judgment appealed from must therefore be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ.    15.

*For reversal*—None.